ELLEN RAFFERTY, BY JAMES S. RAFFERTY, HER NEXT
FRIEND, v. PUBLIC SERVICE RAILWAY COMPANY.

Argued February 17, 1909—Decided June 7, 1909.

The plaintiff sustained personal injuries by being thrown from the de-
fendant's trolley car, and it was claimed that as a result of the
accident she was suffering from a disease known as pachymenin-
gitis, which manifested itself in impaired mentality and other
allied symptoms. All the medical witnesses on the plaintiff's main
case and all the medical witnesses for the defendant agreed that
the plaintiff, who was a young child, was suffering from adenoids,
and the claim of the defendant was that the impairment of
mental force and other symptoms testified to could be accounted
for by this fact. On the plaintiff's rebuttal the court permitted
another medical witness to be sworn for the first time, and to
testify that he had examined specially for adenoids and they did
not exist. *Held,* that while the admission of this testimony was
not legal error, it injected a new issue into the case at a stage
when the defendant was not fairly in a position to meet it, and
that a new trial must be ordered.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and PARKER.

For the plaintiff, *Craig A. Marsh.*

For the defendant, *Alvah A. Clark.*

The opinion of the court was delivered by

PARKER, J. This was a suit for personal injuries sustained
by the plaintiff, a child of about seven years old, while en-
deavoring to board a trolley car operated by the defendant
company. It is urged as a ground for a new trial that the
verdict was against the weight of evidence.

We have examined the evidence in the case and do not find
that the defendant's evidence so greatly preponderated that
it is our duty to set the verdict aside. On the contrary, we

find testimony from which the jury were fairly entitled to infer that, after the car stopped and while a passenger was getting off, the conductor was inside the car with a memorandum book in his hand, making some entries from the fare register, and that he started the car without paying any attention to what was going on outside or looking to see whether any passengers desired to board the car. The question of contributory negligence would be peculiarly for the jury in the case of so young a child.

It is further urged that the damages are excessive. On this branch of the case we conclude that there must be a new trial, substantially from the way in which the testimony was introduced.

The claim made on the part of the plaintiff was that the accident resulted in a diseased condition known as pachymeningitis, or hardening of the *dura-mater* of the brain, which is a disease of slow development and produces a mental sluggishness or inactivity which all the medical witnesses agreed was present, and up to the time that the defendant rested its case, all the medical witnesses were likewise agreed that the child was a sufferer from the disease of childhood known as adenoids, and all were in substantial agreement that adenoids tend to impair the mental processes because of the impoverished condition of the blood due to faulty respiration, and the dispute in the case was whether the impaired mental condition of the plaintiff was attributable to pachymeningitis or could be accounted for by the existence of these adenoids. This was a well-defined issue, and evidently understood as such by both parties throughout the trial. But the plaintiff in rebuttal called another medical witness, Doctor Ard, who testified that he was a specialist in adenoids, with special appliances for diagnosis of that disease, and that he had made an examination with all the scientific appliances to discover whether the plaintiff in fact had adenoids, and swore positively, as a result of that examination, that she had not. This testimony was objected to as not proper rebuttal, but the court admitted it.

We cannot say that the admission of this testimony was

legal error, the matter being entirely within the discretion of the court, but it is very evident from an examination of the whole case that not only was the defendant in no position to meet this new evidence, but inasmuch as the medical witnesses for the plaintiff had freely conceded the existence of adenoids and the entire trial had proceeded on that basis, the introduction of this evidence in rebuttal brought an entirely new issue into the case which the defendant was not prepared to meet and which it could not be expected under the circumstances to have anticipated. In all probability the previous medical witnesses, being active practitioners, had been dismissed and had gone about their ordinary business. The plaintiff recovered a verdict for $4,000, and such a verdict cannot possibly be supported on any theory except that the claim made for the plaintiff was correct, and that she was suffering from pachymeningitis as a result of the accident.

The evidence of Doctor Ard must necessarily have been an important factor in this result, and we think that its introduction at that stage of the case gave the plaintiff an unfair advantage that deprived the verdict of the force which it would otherwise have. For this reason the rule to show cause will be made absolute.